IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,170-01






EX PARTE JUAN ARTEMIO GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 02-CR-277 IN THE 381ST DISTRICT COURT


FROM STARR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Fourth Court of Appeals affirmed his conviction. Garcia
v. State, No. 04-03-00404-CR (Tex. App. - San Antonio, December 15, 2004, pet. ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because counsel failed to inform him of a plea bargain offer before trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with
the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case,
the trial court may rely on its personal recollection. Id.

 It appears that Applicant is represented by counsel. If that is not correct, the trial court shall
determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant. Tex. Code Crim. Proc. art
26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 12, 2007

Do not publish